

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

STRATEGIC BUSINESS PARTNERS, LLC, an
Illinois limited liability company, and 1st TIER
PROFITABILITY GROUP, LLC, an Illinois
limited liability company,

      Plaintiffs,

   -vs-

THOMAS C. SOURAN,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:08-cv-03515**

**Judge Virginia Kendall**

**Magistrate Judge Maria Valdez**

## NOTICE OF FILING

**F I L E D**
AUG 0 1 2008 JH
AUG 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: Thomas C. Souran
   Pro Se
   5050 Quorum Drive
   Dallas, TX 75254

   **PLEASE TAKE NOTICE** that on **Friday, August 1, 2008,** we caused to be filed with the Clerk of Court, United States District Court for the Northern District of Illinois, Eastern Division, a copy of Defendant's Answer, Affirmative Defenses and Counterclaim and Cross Claim without pages 38 through 40 of the document, in accordance with the Court's Minute Order entered July 29, 2008.

Dated: August 1, 2008

         Respectfully submitted,

        By:_____

         Max G. Brittain, Jr.
         Laura B. Friedel
         Nora Kersten Walsh
         SCHIFF HARDIN LLP
         6600 Sears Tower
         Chicago, Illinois 60606
         Telephone: (312) 258-5500
         Facsimile: (312) 258-5600

         Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 1, 2008, she caused a true and correct copy of Defendant's Answer, Affirmative Defenses and Counterclaim and Cross Claim without pages 38 through 40 of the document to be served upon the following, via United States Mail, first class postage prepaid:

Thomas C. Souran
Pro Se
5050 Quorum Drive
Dallas, TX 75254

Nora Kersten Walsh

CH1\5927168.1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Strategic Business Partners, LLC, et al.

                                  Plaintiff,

v.                                             Case No.: 1:08−cv−03515
                                         Honorable Virginia M. Kendall

Thomas C. Souran

                                  Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 29, 2008:

      MINUTE entry before the Honorable Virginia M. Kendall:Plaintiff's emergency motion to remove portion of pdf image attached to answer and to require parties to refrain from filing certain documents in the public file [18] is granted. The Clerk of Court is directed to remove the pdf image to document # 15 forthwith. Plaintiff is directed to refile document #15 without pages 38 through 40 of the document. All parties are ordered to refrain from filing any portion of 8/17/2007 Agreement between defendant and 1st Tier. The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery. Documents containing confidential information shall NOT be filed with the Clerk of Court. Documents requiring the courts review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. After the courts review, the in camera items will be returned by the court to the producing party who shall maintain the submission intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. Mailed notice(jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

Ott

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

STRATEGIC BUSINESS PARTNERS, LLC and
Illinois limited liability company, and 1st TIEER
PROFITABILITY GROUP, LLC, an Illinois
limited liability company,

                        Plaintiffs,

      -vs-

THOMAS C SOURAN,

                        Defendant,

    )
    )     Case No.  1:08-cv-03515
    )
    )     Judge Virgina Kendell
    )
    )     Magistrate Judge Maria Valdez

THOMAS C SOURAN,

             Counter-Plaintiff,

      -vs-

STRATEGIC BUSINESS PARTNERS, LLC and
Illinois limited liability company, and 1st TIER
PROFITABILITY GROUP, LLC, an Illinois
limited liability company,

             Counter-Defendants

THOMAS C SOURAN

             Cross- Plaintiff

      -v-

CHUCK ORABUTT, an individual
DAN HOSTETLER, an individual
RONALD W. BRIDGES, an individual
             Cross-defendants

# FILED

JUL 22 2008 EA

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SBP Answer July 17, 2008

## DEFENDANTS ORIGINAL ANSWER, AFFIRMATIVE DEFENSES & COUNTER CLAIM & CROSS CLAIM

DEFENDANT, THOMAS C SOURAN, by way of answer to complaint of plaintiffs

STRATEGIC BUSINESS PARTNERS AND 1ST TIER PROFITABILTY GROUP, LLC, (hereafter

referred to as "SBP1st") , says:

## A. ADDMISSIONS AND DENIALS

1. SOURAN the allegations contained in paragraph 1

2. SOURAN denies the allegations contained in paragraph 2

3. SOURAN denies the allegations contained in paragraph 3

4. SOURAN denies the allegations contained in paragraph 4

5. SOURAN denies the allegations contained in paragraph 5

6. SOURAN denies the allegations contained in paragraph 6

7. SOURAN without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7

8. SOURAN without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8

9. Admit as to the stated parties in attendance of the meeting, but deny that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. SOURAN denies the allegations contained in paragraph 10

11. SOURAN denies the allegations contained in paragraph 11

2

SBP Answer July 17, 2008

12. SOURAN denies the allegations contained in paragraph 12

13. SOURAN denies the allegations contained in paragraph 13

14. SOURAN denies the allegations contained in paragraph 14

15. Admit as to the stated parties in attendance of the meeting, but deny that is without knowledge

    or information sufficient to form a belief as to the truth of the allegations contained in 15

    otherwise deny.

16. Admit paragraph 16

17. SOURAN denies the allegations contained in paragraph 17

18. SOURAN denies the allegations contained in paragraph 18

19. SOURAN denies the allegations contained in paragraph 19

20. SOURAN denies the allegations contained in paragraph 20

21. Admit admit paragraph 21

22. Admit admit paragraph 22

23. Admit admit paragraph 23

24. Admit admit paragraph 24

25. SOURAN denies the allegations contained in paragraph 25, see attached

26. SOURAN denies the allegations contained in paragraph 26, see attached

27. SOURAN denies the allegations contained in paragraph 27

28. SOURAN denies the allegations contained in paragraph 28

29. SOURAN denies the allegations contained in paragraph 29

30. SOURANdenies the allegations contained in paragraph 30

31. SOURAN denies the allegations contained in paragraph 31

SBP Answer July 17, 2008

32. SOURAN denies the allegations contained in paragraph 32

33. SOURAN denies the allegations contained in paragraph 33

34. SOURAN denies the allegations contained in paragraph 34

35. SOURAN denies the allegations contained in paragraph 35

36.  SOURAN denies the allegations contained in paragraph 36

37. SOURAN denies the allegations contained in paragraph 37

38. SOURAN denies the allegations contained in paragraph 38

39. SOURAN denies the allegations contained in paragraph 39

40. SOURAN denies the allegations contained in paragraph 40

41. Admit paragraph 41

42.  SOURAN without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 42, otherwise denies

43.  SOURAN without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 43, otherwise denies

44. Admit admit in part and deny in part paragraph 44

45. Admit paragraph 45

46.  SOURAN denies the allegations contained in paragraph 46

47. Admit paragraph 47

48.  SOURAN denies the allegations contained in paragraph 48, except for Ron Bridges see
attached

49. Admit paragraph 49, see attached

50. Admit paragraph 50

4

51. SOURAN denies the allegations contained in paragraph 51

52. SOURAN denies the allegations contained in paragraph 52

53.

54. SOURAN denies the allegations contained in paragraph 54

55. SOURAN denies the allegations contained in paragraph 55

56. SOURAN denies the allegations contained in paragraph 56

57. SOURAN denies the allegations contained in paragraph 57

58.

59. SOURAN denies the allegations contained in paragraph 59

60. SOURAN denies the allegations contained in paragraph 60

61. SOURAN denies the allegations contained in paragraph 61

62. SOURAN denies the allegations contained in paragraph 62

63. SOURAN denies the allegations contained in paragraph 63

64. SOURAN denies the allegations contained in paragraph 64

65.

66. SOURAN denies the allegations contained in paragraph 66

67. SOURAN denies the allegations contained in paragraph 67

68. SOURAN denies the allegations contained in paragraph 68

69. SOURAN denies the allegations contained in paragraph 70

70. SOURAN denies the allegations contained in paragraph 71

71. SOURAN denies the allegations contained in paragraph 72

72. SOURAN denies the allegations contained in paragraph 74

SBP Answer July 17, 2008

73. SOURAN denies the allegations contained in paragraph 73

74. SOURAN denies the allegations in paragraph 74.

75.

76. SOURAN denies the allegations contained in paragraph 76

77. SOURAN denies the allegations contained in paragraph 77

78. SOURAN denies the allegations contained in paragraph 78

79. SOURAN denies the allegations contained in paragraph 79

80. SOURAN denies the allegations contained in paragraph 80

## B. AFFIRMATIVE DEFENSNES

### COUNT I BREACH OF CONTRACT'

Count I fails because plaintiff has failed to alledge facts sufficient to demonstrate breach of contract. In addition the Doctrine of Latches applies to this count as well as release from liability. Plaintiff further has unclean hands which should serve as a barrier recovery, plaintiff is further estopped from recovery on this claim due to its conduct. Defendant further asserts the affirmative defenses of accord and satisfaction.

## COUNT II TOURTIOUS INTREFERANCE WITH EXSISTING BUSINESS RELATIONSHIPS

Defendant contends Count II fails to state a claim against Defendant because Plaintiffs' fail to allege facts sufficient to demonstrate Interference with prospective business advantage. More specifically, plaintiffs fail to list any defamatory or denigrating statement about plaintiff to anyone nor does plaintiff state to whom contacts were made. In addition defendant claims the affirmative defense of release in truth to the afore mention count.

6

SBP Answer July 17, 2008

## COUNT III VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT

Plaintiffs' have failed to alleged facts sufficient to demonstrate any violation of the Uniform Deceptive Trade Practices Act. In addition Defendant claims the affirmative defenses laches and release for this count. Defendant is further asserting the affirmative defense of truth of the matter asserted.

## COUNT IV DEFAMATION PER SE

Plaintiffs' have failed to alleged facts sufficient to demonstrate any violation of Defamation Per Se. Defendant claims the affirmative defense of release. Defendant is further asserting the affirmative defense of truth of the matter asserted.

## COUNT V DEFAMATION PER QUOD

Plaintiffs' have failed to alleged facts sufficient to demonstrate any violation of Defamation Per Quod. Defendant is further asserting the affirmative defense of truth of the matter asserted. Defendant is further asserting the affirmative defense of truth of the matter asserted and release.

7

SBP Answer July 17, 2008

## COUNTERCLAIMS

Plaintiff-counter defendant is liable to defendant-counter plaintiff because:

    a. Breach of Contract

    b. Violations of uniform deceptive trade practices act

    c. Defamation Per Se

    d. Defamation Per Quod

    e. Failure to pay wages in accordance with the Fair Labor Standards Act

    f. Texas Labor Code

    g. Fraud/Fraudulent Inducement

## BREACH OF CONTRACT

On or about August 14, 2007 SOURAN executed a Agreement and General Release, (see attached document), on April 24, 2008 SBP and the other Counter Defendants and Cross Defendants conspired to breach the agreement by making a posting on www.ripoffreport.com, (see attached document), in addition they made defamatory statements about SOURAN in violation of the Agreement and General Release, (attached), which formed a basis for many of SOURAN defenses his counter claims and cross claims in this matter. Additionally in Plaintiffs original filing Plaintiffs admit to the inability to remove any postings on www.ripoffreport.com, further plaintiffs admit to the breach of said contract in there original pleading, page 9 paragraph 44.

8

SBP Answer July 17, 2008

## VIOLATION OF UNIFORM DECEPTIVE TRADE PRACTES ACT

1. Section 2 of the Uniform Deceptive Trade Practices Act (UDTPA"), which is codified in
Illinois at 815 ILCS 510/1, et seq., provides, among other things, that a "person engages in a deceptive
trade practice when, in the course of his business, vocation or occupation", the person "disparages the
goods, services or business of another by false or misleading representation of fact." 815 ILCS 5
10/2(2). The UDTPA explicitly provides for injunctive relief and, if the defendant' actions are willful,
an award of attorneys' fees and costs pursuant to 815 ILCS 510/3.

2. Counter Defendants and Cross Defendants violated the UDTPA by willfully making
false and disparing statements of fact about SOURAN with knowing and wreckless
disregard for the truth.

3. Counter Defendants and Cross Defendants failed to conduct proper due diligence
investigation when they posted the following statement on www.ripoffreport.com:

"In June of 2000, Techumseh Holdings Corporation, whose Chairman was Thomas C. Souran,
was charged with the embezzlement and theft of more than $10,000,000 of client invested funds
by the Securities and Exchange Commission in the United States District Court for the Southern
District of New York. As a consequence of this action, in July of 2003, the Securities and
Exchange Commission asked for penalties, sanctions and a demand for the return of the ill
gotten gains from the corporation and its officers and principals."

The statement above is not Thomas C Souran, Defendant but his deceased father. Even though
opposing counsel was asked by letter from SOURAN to verify there facts they maliciously
disregard the letter and subsequent conversation and moved to file a frivilous law suit based on
incorrect facts in violation of LR83.53.1, LR83.54.1 and Rule 11, see attached.

9

4.  Counter Defendants and Cross Defendants unfair and deceptive business practices impact upon and have damaged SOURAN.

## DEFAMATION PER SE

1.  On or about August 14, 2007 SOURAN executed a Agreement and General Release, (see attached document), on April 24, 2008 SBP and the other Counter Defendants and Cross Defendants conspired to breach the agreement by making a posting on www.ripoffreport.com, (see attached document), in addition they made defamatory statements about SOURAN in violation of the Agreement and General Release, (attached), which formed a basis for many of SOURAN defenses his counter claims and cross claims in this matter. Additonally in Plaintiffs original filing Plaintiffs admit to the inability to remove any postings on www.ripoffreport.com, further plaintiffs admit to the breach of said contract in there original pleading, page 9 paragraph 44.

4.  Counter Defendants and Cross Defendants failed to conduct proper due diligence investigation when they posted the following statement on www.ripoffreport.com:

"In June of 2000, Techumseh Holdings Corporation, whose Chairman was Thomas C. Souran, was charged with the embezzlement and theft of more than $10,000,000 of client invested funds by the Securities and Exchange Commission in the United States District Court for the Southern District of New York. As a consequence of this action, in July of 2003, the Securities and Exchange Commission asked for penalties, sanctions and a demand for the return of the ill gotten gains from the corporation and its officers and principals."

10

SBP Answer July 17, 2008

2. The statement above is not Thomas C Souran, a party to this action but his deceased father. Even though opposing counsel was asked by letter from SOURAN to verify there facts they maliciously disregarded the letter and subsequent conversation and moved to file a frivilous law suit based on incorrect facts in violation of LR83.53.1, LR83.54.1 and Rule 11, see attached.

3. Counter Defendants and Cross Defendants made the following statements on www.ripoffreport.com:

"1988 conviction for embezzlement and fraudulent communications and theft of customer property for Thomas C. Souran (case #NFA 88BCC400008 and NFA ID:0000184) by the National Futures Association (a regulatory group that governs futures trading) and they expelled him and barred him and fined him $25,000. Mr. Souran appealed the decision of the regulatory body on on Dec 1988 and on March 19, 1991 the NFA Committee upheld its original decision and penalties. "

This posting violates the Agreement and General Release executed on August 14, 2007 by the parties and is baseless in fact.


## DEFAMATION PER OUAD

1. On or about August 14, 2007 SOURAN executed a Agreement and General Release, (see attached document), on April 24, 2008 SBP and the other Counter Defendants and Cross Defendants conspired to breach the agreement by making a posting on www.ripoffreport.com, (see attached document), in addition they made defamatory statements about SOURAN in violation of the Agreement and General Release, (attached), which formed a basis for many of

SBP Answer July 17, 2008

SOURAN defendes his counter claims and cross claims in this matter. Additonally in Plaintiffs original filing Plaintiffs admit to the inability to remove any postings on www.ripoffreport.com, further plaintiffs admit to the breach of said contract in there original pleading, page 9 paragraph 44.

    2.  Counter Defendants and Cross Defendants failed to conduct proper due diligence infestation when they posted the following statement on www.ripoffreport.com:

"In June of 2000, Techumseh Holdings Corporation, whose Chairman was Thomas C. Souran, was charged with the embezzlement and theft of more than $10,000,000 of client invested funds by the Securities and Exchange Commision in the United States District Court for the Southern District of New York. As a consequence of this action, in July of 2003, the Securities and Exchange Commission asked for penalties, sanctions and a demand for the return of the ill gotten gains from the corporation and its officers and principals."

4.  The statement above is not Thomas C Souran, Defendant but his deceased father. Even though opposing counsel was asked by letter from SOURAN to verify there facts they maliciously disregard the letter and subsequent conversation and moved to file a frivolous law suit based on incorrect facts in violation of LR83.53.1, LR83.54.1 and Rule 11, see attached.

5.  Counter Defendants and Cross Defendants made the following statements on www.ripoffreport.com:

"1988 conviction for embezzlement and fraudulent communications and theft of customer property for Thomas C. Souran (case #NFA 88BCC400008 and NFA ID:0000184) by the National Futures Association (a regulatory group that governs futures trading) and they expelled

12

SBP Answer July 17, 2008

him and barred him and fined him $25,000. Mr. Souran appealed the decision of the regulatory

body on on Dec 1988 and on March 19, 1991 the NFA Committee upheld its original decision

and penalties. "

This posting violates the Agreement and General Release executed on August 14, 2007 by the

parties and is baseless in fact.

## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR

## STANDARDS ACT

During the relevant period, Counter Defendants and Cross Defendants have violated and are

violating the provisions of Section 6 and or 7 of the FLSA, 29 U.S.C. 206, 207, and 215 (a)(2), by

employing employees in an enterprise in commerce or in the production of goods for commerce within

the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating

such employees for their employment in excess of forty hours per week at rates no less than one and

one-half the regular rates for which they were employed. Defendants have acted willfully in failing to

pay Plaintiffs in accordance with the law. See Attached

## TEXAS LABOR CODE

Pleading further and in the alternative if necessary, Counter Defendants and Cross Defendants

have violated Section 61.001 *et seq* of the Texas Labor Code in failing to pay earned wages as required

by Texas Labor Code. SOURAN earned wages and other benefits for which they were not paid as

required by Texas Labor Code. See attached

13

### FRAUD AND FRADULENT INDUCEMENT

Pleading further, and in the alternative if necessary, Counter Defendants and Cross Defendants made material misrepresentation to SOURAN to pay them salary. Counter Defendants and Cross Defendants knew the misrepresentation were false or made them reckless as a positive assertion without any knowledge of their truth and intended to induce SOURAN to act on the representations. SOURAN actually and justifiably relied upon the representations and suffered damages in an amount within the jurisdictional limits of the Court for which SOURAN now sue.

### ADDITONAL FACTS

Strategic Business Partners, LLC, 1st Tier Profitability, LLC, Ronald W Bridges, Chuck Orabatt and Dan Hostettler are all admittedly are offices or directors of SBP. Each of the forenamed persons either substantially participated in the conduct alleged above or had direct knowledge of the events and failed to take appropriate remedial measures. These actions are sufficient to pierce the corporate vail of SBP and for counter Plaintiff to impose personal liability on the above listed persons.

### CONDITIONS PRECEDENT

Plaintiff has not performed all conditions precedent that SBP was required to perform before filing suit.

For the reasons, SOURAN ask this Honorable Court to do the following:

    a. Render judgment against Counter Defendants and Cross Defendants in the amount of Five

        Million Dollars;

14

b. Assess Costs against Counter Defendants and Cross Defendants;

c. Punitive Damages and Compensatory Damages in the amount of Five Million Dollars;

d. Award SOURAN attorney fees;

e. Any and all other relief that this courts feels is just and equitable.

f. Deny all relief for Counter Defendants and cross defendants;

g. Deny SBP and any injunctive and all other relief.

Respectfully Submitted,

/s/ Thomas C Souran

Thomas C Souran

Pro Se
5050 Quorum Drive
Suite 700
Dallas, TX 75254
214-701-4420
214-722-6564 fax

15

SBP. Answer July 17, 2008

## CERTIFICATE OF SERVICE

I certify that I sent a copy of **DEFENDANTS ORIGINAL ANSWER, AFFIRMATIVE DEFENSES & COUNTER CLAIM & CROSS CLAIM** to each party's attorney listed below on July 20, 2008, by the method indicated next to the attorney's name.

_/s/ Thomas C Souran_____

Thomas C Souran pro -se

Laura B. Fridel                 via pacer and e-mail
Schiff Hardin LLP
6600 Sears Tower
Chicago, Il 60606

16

SBP Answer July 17, 2008



**SCHIFF HARDIN** LLP

6600 SEARS TOWER
CHICAGO, ILLINOIS  60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Laura B. Friedel
312-258-5673
lfriedel@schiffhardin.com

June 4, 2008

**VIA E-MAIL AND FEDERAL EXPRESS**

Thomas C. Souran
881 Wind Brook Lane
Prosper, Texas  75078

Dear Mr. Souran:

We represent Strategic Business Partners, LLC (the "Company") with respect to the matters described below. If you have an attorney who is representing you with respect to these issues (as your web site suggests) please forward this letter to him or her.

The purpose of this letter is to inform you that if you do not immediately take down your web site (www.souranvsbpsoulutions.com), cease interfering with the Company's relationships with its clients, and comply with the requirements of the August 2007 agreement between you and 1st Tier Profitability Group (as to which my client and its employees are third party beneficiaries) (hereinafter the "Agreement"), the Company will exercise its full legal rights. In particular, if you do not take the actions set forth above by the close of business on Friday, June 6, 2008, the Company will file suit based on the following claims:

> **Breach of Contract.** The Agreement prohibits you from making "any comment in any public forum, including but not limited to internet websites, blogs, chat rooms, print media and any and all other public forums concerning 1st Tier, Ronald W. Bridges or any affiliate of 1st Tier." The Agreement also prohibits you from making any written or oral comments which defame or denigrate 1st Tier, SBP Holding, LLC, Strategic Business Partners, LLC, or employees of these companies. The above-referenced website, as well as your May 8, 2008 posting on Ripoff Report, violated these contractual obligations.[1] In addition, the Agreement prohibited your contacting clients of 1st Tier's related companies (which we have been informed by more than one such client that you have violated) and your contacting current employees of 1st Tier's related companies (which you have repeatedly violated, most recently in your emails to Mr. Talerico). As you are aware the terms of the Agreement provide for significant remedies for your breach of the covenants set forth therein.

---

[1]  Please note that you and 1st Tier, not the Company, are bound by the non-disparagment language set forth in the Agreement, and that only you are bound by the no-comment requirement.

CHICAGO  I  WASHINGTON  I  NEW YORK  I  LAKE FOREST  I  ATLANTA  I  SAN FRANCISCO  I  BOSTON

**THOMAS C SOURAN**
**1541 Winding Creek Road**
**Prosper, TX 75078**
**214-701-4420**

August 1, 2007

Mr. Chuck Orabutt
Mr. Dan Hostetler
Strategic Business Partners
3255 North Arlington Heights Road, Suite 505
Arlington Heights, IL 60004

<u>**via fax: 1-847-797-1902**</u>

Dear Mr. Orabutt and Mr. Hostetler,

I have been attempting to go through the chain of command and have not been getting anything resolved. As a result I now have been forced to write to both of you.

Several weeks ago Howard RV reconciled with SBP. I was informed by Mr. Bridges that I would be paid a full share, 1/3 of the reconciliation or $6,000. What I was paid was $4,000. I have no explanation nor communication as to why when Mr. Bridges informed me as to what I was to be paid I was not paid that amount.

When I submit my expense report the reimbursement check usually is delivered by the following Monday. This last Monday it was not and I called the office only to be told that the check was mailed and that it should be there by Tuesday. Tuesday came and went with no check. I called once again the office and told that the check was mailed late and it should be there by Wednesday. Well no check Wednesday. I called was told that the check was mailed and it should be there by Thursday. I was then transferred to Carmelina and she informed me that I should wait until Friday and then it would be addressed. I then got a call from Kathy informing me Thursday that they overlooked the payment for my expenses and that she was processing the check today and it would be sent out, which it was.

I am a little confused that for two weeks I flew to St. Louis and have not been paid for the time. The last RSS that was signed off by Schaefer Water shows that 1st Tier was paid 20 hours in July for my work on site. In my last pay check I was paid for only 10 hours.

When I brings this up and try to resolve this I am told that I have been fully paid. I would like to resolve these issues and try to understand why I am told one thing and another happens.

Hopefully I can finally have an explanation and resolve these matters.

I look forward to your response(s).

Respectfully,

Thomas C. Souran

Print

http://us.mg2.mail.yahoo.com/dc/launch?.rand=d9ux209ilokuv

From: Thomas Souran (tomsouran@yahoo.com)
To: corabutt@sbp-solutions.com
Date: Wednesday, August 1, 2007 9:26:54 AM
Cc: dhostetler@sbp-solutions.com
Subject: Letter

Mr. Orabutt and Mr. Hostetler,

Please review the attached letter.

Thank you,
Tom Souran

**From:** dhostetler (dhostetler@sbp-solutions.com)
**To:** tomsouran@yahoo.com
**Date:** Wednesday, August 1, 2007 9:26:55 AM
**Subject:** Your message has safely landed in my inbox and will be responded to within 24 hours.

Your message has safely landed in my inbox and will be responded to within 24 hours.

Kind Regards,
Dan Hostetler



Thomas C. Souran
June 4, 2008
Page 2

*Tortious Interference with Business Relations.* We have been informed by clients of Strategic Business Partners that you have made false statements to them regarding the Company and its leadership and that you have induced these clients to breach their contracts with the Company, including by instructing them not to pay for services previously performed. This inducement to breach an existing contract, together with other actions on your part, constitutes tortious interference with business relations.

*Breach of Fiduciary Duty.* At the time you were hired, you represented to the Company that you were broker certified with the SEC and NFA, and during the course of your employment you engaged in activities on behalf of the Company that required this certification. However, the Company has recently learned from these agencies that your certifications by them were revoked for cause. Moreover, the Company has learned from several employees that while employed by the Company, you were engaging in outside activities that required such certification. Finally, you attempted to convert broker's fees for your work on behalf of the Company that, had they been earned, would have rightfully belonged to the Company. Each of these actions, in and of itself, constituted a breach of fiduciary duty to the Company.

*Defamation.* In addition to violating the the Agreement, the statements by you on your website and on Ripoff Report constitute defamation under Illinois law.

The Complaint will raise these claims, among others, and will seek all damages available under the law, including compensatory damages (for loss of business and receivables) and punitive damages, as well as injunctive relief and costs and attorneys fees (which are provided for by the Agreement).

I have been directed to inform you that unless you remove your website, cease your interference with client relationships, and follow the terms of the Agreement by the close of business on Friday, June 6, 2008, the Company will move forward to preserve its rights. Please direct all further correspondence regarding this matter to the undersigned.

Sincerely,

Laura B. Priedel

cc:    Chuck Orabutt
       Ron Bridges



# United States District Court
### NORTHERN DISTRICT OF ILLINOIS

## LR83.54.1. Truthfulness in Statements to Others
### Rules of Professional Conduct

In the course of representing a client a lawyer shall not knowingly:

(1) make a false statement of material fact or law to a third person; or

(2) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by LR83.51.6.

*Committee Comment. Misrepresentation.* A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by failure to act.

*Statements of Fact.* This rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are in this category, and so is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud.

*Fraud by Client.* Subsection (2) recognizes that substantive law may require a lawyer to disclose certain information to avoid being deemed to have assisted the client's crime or fraud. The requirement of disclosure created by this paragraph is, however, subject to the obligations created by LR83.51.6.

Note: The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

#CMPID153



**United States District Court**
**NORTHERN DISTRICT OF ILLINOIS**

## LR83.53.1. Meritorious Claims and Contentions

Rules of Professional Conduct

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

*Committee Comment.* The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person, or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

Note: The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

#CMPID145

Rip-off Report: Strategic Business Partners And Ron Bridges business...

http://www.ripoffreport.com/reports/0/267/RipOff0267215.htm

* Keep the name short & simple, and try different variations of the name.
* Do not include ".com", "&", "Inc.", "Corp", or "LLC" at the end of the Company name.
* Use only the first/main part of a name to get best results.
* Only search one name at a time if Company has many AKA's.

| Rebuttal Box<br>Respond to this report! | Victim of this<br>person/company? | Repair Your Reputation |  |
|---|---|---|---|
| Are you an owner, employee or ex-employee with either negative or positive information about this company or can you provide "insider information" on this company? | Are you also a victim of the same company or person? Want Justice? File a Ripoff Report and don't let them get away with it! | Get Reports filed against you? Resolve the issues and rebuild trust through our Corporate Advocacy Program. |  |

# Updates & Rebuttals:

Strategic Business Partners
Tom Souran [8/14/2007 1:54:02 PM]                                         UPDATES & REBUTTALS

Strategic Business Partners LLC and Ron Bridges Defend Themselves!
Sbp Ownership [4/24/2008 8:11:08 AM]

SBP AND RON BRIDGES YOUR TIME IS COMING
Tom Souran [5/8/2008 3:25:44 PM]



Tom souran
Prosper, Texas
U.S.A.

Submitted: 8/14/2007 1:54:02 PM                   **Update by Author**
Modified: 8/14/2007 1:57:57 PM

## Strategic Business Partners
No Comment

Sbp Ownership
Arlington Heights, Illinois
U.S.A.

Submitted: 4/24/2008 8:11:08 AM                   **Owner**
Modified: 4/24/2008 9:23:52 AM

## Strategic Business Partners LLC and Ron Bridges Defend Themselves!
By authorization of its Board of Directors, Strategic Business Partners LLC is exercising its right to respond to this allegation which we recognize as being completely without merit. These statements by Mr. Souran are scurrilous, baseless, unfounded and constitute a blatant impugning of Strategic Business Partner's recognized position in the marketplace. Our reputation and professionalism are beyond reproach. Our firm is an ethical and accomplished consulting firm. The officers referred to have been outrageously besmirched with these accusations. Neither Mr. Bridges, Mr. Hostetler or Mr. Orabutt have ever been associated, affiliated or employed by International Profit Associates. Specifically, Mr. Bridges has never faced any litigation or judgments by or from former business partners.

For the record, Mr. Tom Souran was never an employee of Strategic Business Partners LLC. He was, for a period of approximately 30 days, an employee of a Strategic Business Partners LLC subsidiary organization. Mr. Souran was involuntarily terminated from his position by Mr. Bridges, who was at that time the Managing Partner of said subsidiary. A routine background check, standard to employment at Mr. Souran's level of responsibility, identified:

1. 1988 conviction for embezzlement and fraudulent communications and theft of customer property for Thomas C. Souran (case #NFA 88BCC400006 and NFA ID:0000164) by the National Futures Association (a regulatory group that governs futures trading) and they expelled him and barred him and fined him $25,000. Mr. Souran appealed the decision of the regulatory body on on Dec 1988 and on March 19, 1991 the NFA Committee upheld its original decision and penalties.

The go to the NFA website LINK to validate this previous statement, please cut and paste the following url into your browser:

Rip-off Report: Strategic Business Partners And Ron Bridges business...   http://www.ripoffreport.com/reports/0/267/RipOff0267215.htm

http://www.nfa.futures.org/basicnet/Case.aspx?entityId=0000188.case=88BCC000008&contrib=NFA

2. In June of 2000, Techumseh Holdings Corporation, whose Chairman was Thomas C. Souran, was charged with the embezzlement and theft of more than $10,000,000 of client invested funds by the Securities and Exchange Commission in the United States District Court for the Southern District of New York. As a consequence of this action, in July of 2003, the Securities and Exchange Commission asked for penalties, sanctions and a demand for the return of the ill gotten gains from the corporation and its officers and principals.

The go to the SEC website LINK to validate this previous statement, please cut and paste the following url into your browser: http://www.sec.gov/litigation/complaints/comp18251.htm

For any interested reader of this website, Strategic Business Partners would respectfully ask you to cut and paste the following websites into your browser in order to get a more accurate picture of who Strategic Business Partners are, what they do and how they operate:

http://www.consultingmag.com/articles/405/1/Firm-Snapshot-Strategic-Business-Partners/Firm-Snapshot-Strategic-Business-Partners.

http://www.msnbc.msn.com/id/21134540/vp/24179284#24179284

http://www.strategicbusinesspartners.info/resources/Wall+Street+Article+Reprint.pdf

http://www.press-release-writing.com/distribution1/sbp-pr.htm

http://findarticles.com/p/articles/mi_qa5345/is_200705/ai_n21287756

http://www.primenewswire.com/newsroom/news.html?d=108908

http://www.strategicbusinesspartners.info/resources/Seven+Small+Jewels.pdf

http://www.strategicbusinesspartners.info/resources/Atlanta+Chronicle+Article.pdf

http://www.strategicbusinesspartners.info/resources/Daily+HERALD.pdf

Tom Souran
Prosper, Texas
U.S.A.

Submitted: 5/8/2008 3:25:44 PM
Modified: 5/8/2008 7:54:56 PM

**Update by Author**

## SBP AND RON BRIDGES YOUR TIME IS COMING

IF YOU HAVE VIEWED THE RESPONSE BY SBP IT IS ALL FULL OF LIES. I HAVE RETAINED AN ATTORNEY AN WILL BE GOING AFTER EACH OWNER OF SBP. I WILL ALSO BE CREATING A WEB SITE TO KEEP ANY UP TO DATE WITH ALL PLEADINGS, DISCOVERY AND BACKGROUNDS OF THE OWNERS AND EMPLOYEES OF SBP FOR ANYONE TO VIEW AND DOWNLOAD.

SO CHECK BACK SOON FOR THE WEB SITE AND UPDATES..

| Rebuttal Box Respond to this report! | Victim of this person/company? | Repair Your Reputation |
|---|---|---|
| Are you an owner, employee or ex-employee with either negative or positive information about the company or can you provide "insider information" on this company? | Are you also a victim of the same company or person? Want Justice? File a Ripoff Report and don't let them get away with it! | Get Reports filed against you? Resolve the issues and rebuild trust through our Corporate Advocacy Program. |




**ORIGINAL**

# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

BRUCE HAFEMEISTER, KEVIN
BRUCH, RICH EPSTEIN, GENE
FREEMAN, KENNETH FRIEDMAN,
TIM GROUT, JOSEPH LEONARD,
WILLIAM STADLER, LARRY
STEELE, SCOTT WALDROP, MIKE
WICHELNS, and BOB WILLIAMSON

     Plaintiffs,

v.

PDP GROUP TEXAS, LLC, PDP
CONSULTING GROUP II, INC., THE
PDP CONSULTING GROUP, INC.,
THE PDP GROUP, INC., THE PDP
GROUP, L.L.C., PDP HOLDING,
L.L.C., RCS HOLDING, L.L.C., RSB
CONSULTING, L.L.C.,
PREDETERMINED PROFIT, INC.,
ROBERT C. SANFORD, RONALD W.
BRIDGES and SEAN A. DOYLE

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.
3-03-CV-1534M



## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Bruce Hafemeister, Kevin Bruch, Rich Epstein, Gene Freeman, Kenneth
Friedman, Tim Grout, Joseph Leonard, William Stadler, Larry Steele, Scott Waldrop, Mike
Wichelns, and Bob Williamson ("Plaintiffs") bring this action against Defendants PDP Group
Texas, LLC, PDP Consulting Group II, Inc., The PDP Consulting Group, Inc., The PDP Group,
Inc., The PDP Group, L.L.C., PDP Holding, L.L.C., RCS Holding, L.L.C., RSB Consulting,
L.L.C., Predetermined Profit, Inc., Robert C. Sanford, Ronald W. Bridges and Sean A. Doyle
(collectively "PDP" or "Defendants") and would show as follows:

Case 1:08-cv-03515    Document 22    Filed 08/01/2008    Page 30 of 46
Case 1:08-cv-03515    Document 15    Filed 07/22/2008    Page 27 of 46

Case 3:03-cv-01534-B    Document 43    Filed 12/02/2003    Page 2 of 9

## I.    OVERVIEW

1.    Defendants failed to pay Plaintiffs in accordance with the Fair Labor Standards Act ("FLSA").  Specifically, Plaintiffs were misclassified as exempt employees and were not paid time and a half of their regular rate of pay for all hours they worked in excess of 40 hours per workweek.  Defendants misclassified Plaintiffs in that they failed to pay Plaintiffs on a salary basis.  Defendants had an extensive pattern and practice of docking Plaintiffs' salaries when Defendants did not assign its employees to work, even if they had performed work in other parts of the workweek.  The practice was so prevalent, Defendants even named it.  PDP referred to these days as "beach days."  Moreover, the compensation agreements PDP maintained with Plaintiffs specifically called for pay docking when the reason was lack of work.  Defendants' practices were in open violation of the FLSA.  Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.    PARTIES

2.    Plaintiff Hafemeister is an individual who resides in Plano, Texas.

3.    Plaintiff Brush is an individual who resides in St. Louis, Missouri.

4.    Plaintiff Epstein is an individual who resides in Boca Raton, Florida.

5.    Plaintiff Freeman is an individual who resides in Grand Prairie, Texas.

6.    Plaintiff Friedman is an individual who resides in Boynton Beach, Florida.

7.    Plaintiff Grout is an individual who resides in Dallas, Texas

8.    Plaintiff Leonard is an individual who resides in Garland, Texas.

9.    Plaintiff Stadler is an individual who resides in Plano, Texas.

10.    Plaintiff Steele is an individual who resides in Ft. Worth, Texas.

11.    Plaintiff Waldrop is an individual who resides in Texas.

Case 1:08-cv-03515    Document 22    Filed 08/01/2008    Page 31 of 46
Case 1:08-cv-03515    Document 15    Filed 07/22/2008    Page 28 of 46

Case 3:03-cv-01534-B    Document 43    Filed 12/02/2003    Page 3 of 9

12.    Plaintiff Wichelns is an individual who resides in Lake Worth, Florida.

13.    Plaintiff Williamson is an individual who resides in Flower Mound, Texas.

14.    Plaintiffs' written consents to this action are attached as Exhibit A.

15.    Defendant PDP Group Texas, L.L.C. has been served with Summons and Complaint and has appeared and answered herein.

16.    Defendant PDP Consulting Group II, Inc. has been served with Summons and Complaint and has appeared and answered herein.

17.    Defendant The PDP Consulting Group, Inc. has been served with Summons and Complaint and has appeared and answered herein.

18.    Defendant The PDP Group, Inc. has been served with Summons and Complaint and has appeared and answered herein.

19.    Defendant The PDP Group, L.L.C. has been served with Summons and Complaint and has appeared and answered herein.

20.    Defendant PDP Holding, L.L.C. has been served with Summons and Complaint and has appeared and answered herein.

21.    Defendant RCS Holding, L.L.C. has been served with Summons and Complaint and has appeared and answered herein.

22.    Defendant RSB Consulting, L.L.C. has been served with Summons and Complaint and has appeared and answered herein.

23.    Defendant Predetermined Profit, Inc. has been served with Summons and Complaint and has appeared and answered herein.

24.    Defendant Robert C. Sanford has been served with Summons and Complaint and has appeared and answered herein.

Case 1:08-cv-03515     Document 22     Filed 08/01/2008     Page 32 of 46
Case 1:08-cv-03515     Document 15     Filed 07/22/2008     Page 29 of 46

Case 3:03-cv-01534-B     Document 43     Filed 12/02/2003     Page 4 of 9

25.     Ronald W. Bridges has been served with Summons and Complaint and has appeared and answered herein.

26.     Sean A. Doyle has been served with Summons and Complaint and has appeared and answered herein.

### III.     JURISDICTION

27.     This Court has jurisdiction over Defendants because Defendant(s) reside within this District and Plaintiffs have asserted a claim arising under federal law.

### IV.     VENUE

28.     Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

### V.     COVERAGE

29.     At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 annually (exclusive of excise taxes at the retail level which are separately stated).

32.    At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.    FACTS

33.    Plaintiffs were employed by Defendants as full-time employees.  Defendants hired Plaintiffs with the understanding that they would be paid a salary.  However, despite working excessive amounts of overtime, Defendants impermissibly docked Plaintiffs' salaries on days when Defendants had no work for them.  Defendants called these docked days "beach days." These beach days occurred in weeks when Plaintiffs performed other work for Defendants.

34.    Defendants were aware Plaintiffs were working in excess of 40 hours per week and Plaintiffs indeed did so on many occasions.  Defendants did not pay Plaintiffs overtime for all hours worked in excess of 40 each week.  This time included but was not limited to time spent working for clients, time spent preparing for such work, or time spent traveling on behalf of Defendants.  However, when there was no work to be done, Defendants took credits against Plaintiffs' salaries and paid them for less than a full week's worth of work even though Plaintiffs were ready, willing, and able to perform work.

35.    The compensation agreement between Plaintiffs and Defendants specifically allowed for this impermissible pay docking for days when Defendants had no work for Plaintiffs.

36.    Additionally, Plaintiffs were not compensated for earned but unused vacation, compensatory time, and sick time.

37.    Finally, Plaintiffs were not properly compensated under Defendants' bonus plan. Defendants often underpaid these bonuses by manipulating cost and revenue numbers in a way not contemplated by the bonus agreement.

38.     Plaintiffs were improperly classified as exempt from the overtime pay requirements of the Fair Labor Standards Act.

## VII.     FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39.     During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII.     SECOND CAUSE OF ACTION – BREACH OF CONTRACT

40.     Pleading further, and in the alternative if necessary, Plaintiffs and Defendants had either an oral or written agreement governing payment of wages and other benefits. This contract was supported by valid consideration and was breached when Defendants failed to pay Plaintiffs their earned salaries and other benefits and bonuses in accordance with the terms of their agreement. As a result of the breach, Plaintiffs have suffered damages and loss of promised income.

## IX.     THIRD CAUSE OF ACTION – TEXAS LABOR CODE

41.     Pleading further, and in the alternative if necessary, Defendants have violated Section 61.001 *et seq.* of the Texas Labor Code in failing to pay earned wages as required by the Texas Labor Code. Plaintiffs earned wages and other benefits for which they were not paid as required by the Texas Labor Code.

## X.  FOURTH CAUSE OF ACTION - FRAUD / FRAUDULENT INDUCEMENT

42.  Pleading further, and in the alternative if necessary, Defendants made material misrepresentations to Plaintiffs to pay them a salary. Defendants knew the misrepresentations were false or made them recklessly as a positive assertion without any knowledge of their truth and intended to induce Plaintiffs to act on the representations. Plaintiffs actually and justifiably relied upon the representations and suffered damages in an amount within the jurisdictional limits of the Court for which Plaintiffs now sue.

## XI.  EXEMPLARY DAMAGES

43.  Defendants' acts and or omissions described herein constituted malice. Specifically, Defendants' fraudulent conduct created an extreme degree of risk, considering the probability and magnitude of harm to Plaintiffs. Defendants had actual, subjective awareness of the risk involved, but nevertheless, proceeded with conscious indifference to Plaintiffs' rights. For this reason, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

## XII.  RELIEF SOUGHT

44.  WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

b.  For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c.  For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees; and

Case 1:08-cv-03515    Document 22    Filed 08/01/2008    Page 36 of 46
Case 1:08-cv-03515    Document 15    Filed 07/22/2008    Page 33 of 46

Case 3:03-cv-01534-B    Document 43    Filed 12/02/2003    Page 8 of 8

d.    For and Order awarding Plaintiffs (and those who have joined in the suit) exemplary / punitive damages; and

e.    For and Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

J. DEREK BRAZIEL
*(Attorney in Charge)*
Texas Bar No. 00793380
EDWARDS & GEORGE, LLP
208 N. Market St., Suite 400
Dallas, Texas 75202
214-749-1400 (phone)
214-749-1010 (fax)
www.edwards-george.com
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by **REGULAR MAIL** on the following:

**Counsel for Defendants**
Lisa A. Dreishmire, Esq.
BRACEWELL & PATTERSON LLP
500 N. Akard, Suite 4000
Dallas, TX 75201

Gary Cerasuolo, Esq.
SMITH & CERASUOLO, LLP
7500 San Felipe at Voss, Suite 410
Houston, TX 77063

**ON THIS 26th DAY OF NOVEMBER, 2003.**

J. DEREK BRAZIEL

## Kathy Rucker

**From:** corabutt [corabutt@sbp-solutions.com]
**Sent:** Monday, June 25, 2007 10:37 AM
**To:** rbridges@sbp-solutions.com
**Subject:** RSS

Ron,
I hope your flight this morning was uneventful. I was taking a look at the RSS and have a couple of suggestions/observations. First, there is a statement on the signature page related to expenses that has me confused. It states "The weekly expense and per diem invoicing to be transmitted from the Arlington Heights office". Why is this in here? I don't believe this is happening as described. Second, rather than just the page number on the bottom of each page I think it should be expanded to state, for example, "page 2 of 9". In addition, to enhance documentation the date of the RSS should be on each page. These footers are easy to incorporate and will strengthen the documentation process. Lastly, on the signature page it may strengthen our position to state rather than just "client approval", change the language to "client approval and acceptance". Dan and I met with Len Perkins last week and some of these are input from Len. I think they make sense. Let me know your thoughts.

Regarding our meeting with Len, we discussed the licensing agreement and Len was under the impression he would receive a call from your attorney. That jogged my memory of the conference call we had with you, me, and Len, and your attorney and I think that's where it was left. In order to facilitate things, we asked Len to go ahead and draft something for your attorney to review. Len is also putting the employment agreement together for your review as well.

Give me a quick call when you have a chance.
Chuck

Sent via the WebMail system at sbp-solutions.com

1

THOMAS C SOURAN
PO Box 670
McKinney, TX 75070

June 03, 2008

Ms. Laura B. Friedel
Schiff Hardin
6600 Sears Tower
Chicago, Illinois  60606

Via;  Regular Mail and e-mail

Dear Ms. Friedel,

I was expecting a letter from an attorney representing both of those charters.  As I found out this last weekend golfing with a former employee of Mr. Ron Bridges and one who has an uncollectible $400K judgment against Mr. Bridges he hides behind attorney's.

Now for address your assertions, first I am represented by counsel that will be filing a case against your clients.

*Breach of Contract.*  Allow me to address this matter and inform you and bring you up to date with the breach and who breached the agreement.  Last year your clients and myself executed an agreement.  The agreement was delayed until our representative attorney's discussed the posting by me last year.  It was agreed that we could not remove the posting and executed the settlement agreement.  The posting was placed August 2007.  After we signed the agreement, post my posting, I have done NOTHING to violate the agreement.  Then low and behold I found the posting on Ripoff.com on April 24, 2008 by the ownership of SBP and "authorized" by the Board of Directors of SBP a posting that is filled with lies.  If you assert I breached the contract then your high priced law firm is paying you way too much and your client first breached the agreement.  I will not point out the mistakes in the body of your clients posting on April 24, 2008, but this is already being addressed in our suit against your clients.

Mr. Bridges most likely will filed bankruptcy when we get our judgment against him as he did in prior years asserting that he has no assets.  It is my opinion that Mr. Bridges holds $4 million in off shore accounts.

*Page 1*

*Tourtious Interference with Business Relations.* This is and out right lie, no such thing has ever happened. The only two client I am aware of is Schafer Water and Howard RV. After I left my employment I have never had any contact especially in the nature that you are asserting. I think someone is lying to you about this.

*Breach of Fiduciary Duty.* Once again I am forced to answer allegations that NEVER happen. I never represented this. MY relationship and experience go back to my previous employers and Mr. Dan Hostettler being my boss in 1991. I also have numerous e-mails with Dan going back to 2003, my employment as is based on my experience as a Business Analyst and only as a business Analyst. My employment was also know to Mr. Talerico who knows me from a former employer of both of us. As far as my managing money and your "learning " from several employees, I am exempt from registration for managing monies. To inform you, I currently have my registration pending at the NFA and meeting with an attorney in Chicago to file the required papers to SEC registration. I am not doing anything wrong. With you employed with such a high priced law firm then you should have researched the fact that if you manage 15 or less account then you are exempt form registration...

*Defamation.* This is exactly what we are filing against your boys. I will leave at that since your clients will be severed shortly.

Our complaint also is asking for the same items. Your clients are wrong by breaching the agreement first, and secondly they are, in my opinion, lying to you and miss leading you as to the facts. Mr. Bridges, in my opinion is not new to this. You might want to ask your clients about the letter they are sending out to former consulting clients and the language they use in it. If you want a copy of this letter I can get one for you. Or the letter to Jim Talerico received from a former employee after SBP made acquisitions that this employee did not perform his consulting duties to the highest degree possible.

I will have my attorney get a hold of you after our case is filed in the next several days.

Respectfully

Thomas C. Souran

*Page 2*



**Strategic Business**

3255 N. Arlington Heights Road, Suite 505, Arlington Heights, IL 60004  T: 866.475.7046  F: 847.797.1902  www.sbp-solutions.com

May 31, 2007

Dear Sir or Madam:

To whom this matter may concern, Mr. Tom Souran of 1541 Winding Creek Road, Prosper, TX 75078, is currently in the employ of our firm as a Senior Business Executive Analyst. Mr. Souran joined our firm on Tuesday, May 29, 2007.

This is a commissioned position. The annual compensation for this position is between $185,000 (One hundred eighty five thousand dollars) and $225,000 (Two hundred twenty five thousand dollars).

Mr. Souran has been associated professionally in tenured positions with firms that allow me to have worked with him and know him professionally and personally.

In closing, our firm sought out Mr. Souran based on his past professional achievements and level of compensation, which is our industry's measuring stick for success.

I am available personally to discuss Mr. Souran's employment and our opinion of his long term association with our firm.

Regards,

Ron W. Bridges
Managing Director

Print

http://us.mg2.mail.yahoo.com/dc/launch?.rand=d9ux209ilokuv

**From:** Charle Wilkinson (charle.wilkinson@epopus.net)
**To:** tomsouran@yahoo.com
**Date:** Thursday, July 12, 2007 1:02:33 PM
**Subject:** FW: P&L file

---

**From:** Carol Winter [mailto:cwinter@schaeferwater.com]
**Sent:** Thursday, July 12, 2007 11:53 AM
**To:** charlewilkinson@epopus.net
**Cc:** SWC-Mike Sc Schaefer, Mike
**Subject:** P&L file

Charle,

Attached is the P&L. The numbers are according to my interpretation of what is needed. Basically, if we haven't been pulling information the way we now feel we need it, we can't make it up. Our labor has been split out into different areas, but I do feel that this is a good representation of the direct labor vs admin. That being said, Diane (sales manager) salary has been included in Commissions. Is that where it belongs/belonged, for this analysis? I don't know. I can separate it out, but not sure where to put it. I'm sure there are other instances, that I didn't have time to think of. Also, I did not look at the DI Plant or BW numbers, other than to make sure everything was balancing. We have not asked SBP to look into those areas anyway, as that is out of the scope of the current project. The revenues are in negatives, because I was pulling directly from the GL (credit balances), and the profits show as <>. Rather than write over my formulas, etc., I left them as is.
Call me with any questions.

Carol Winter
Schaefer Water Centers
cwinter@schaeferwater.com
573-334-2872

of 1

Yahoo! Mail - tomthegreek56@yahoo.com

Pag...

Yahoo! My Yahoo! Mail

**YAHOO! Mail**

Welcome,
**tomthegreek56**
[Sign Out, My Account]

Search the web [        ]

Mail Home - Help

**Talk**America
Unlimited Business Nationwide Plan

Introducing a telephone plan that brings
**big savings** to your small business.

- Complete Plan Savings
- Unlimited Long Distance
- One Low Rate

📧 Mail | 📇 Addresses | 📅 Calendar | 📝 Notepad | tomthegreek56@yahoo.com [Sign Out]

Check Mail | Compose

Mail Upgrades - Search Mail - Mail Options

**Folders** [Add]
- 📥 Inbox
- 📄 Draft
- 📤 Sent
- 🗑 Bulk [Empty]
- 🗑 Trash [Empty]

**My Folders** [Hide]
- 📁 Dan Drugan
- 📁 IPA Clients (1)
- 📁 IPA Opinions
- 📁 Yahoo Group con...
- 📁 ipaopinions (29)
- 📁 lynn grant (3)

**Check your Credit in Seconds!**

**Cut Your House Payment by 45%!**

**Free Fax Number For Your Y! Mail**

**Best card for bad credit**

Previous | Next | Back to Messages

Printable View - Full Headers

Move to folder... [  ] Go

This message is not flagged. [ Flag Message - Mark as Unread ]

**From:** SmileyGuy@aol.com  📖 Add to Address Book
**Date:** Sat, 31 Jan 2004 16:10:34 EST
**Subject:** inquest
**To:** tomthegreek56@yahoo.com

Dear Tom,

I don't know what help I can be to you but I would like to try. I run across IPA clients all the time. In fact, John just called me up yesterday morning and threatened me. Interesting guy.

Let me know if you send out newsletters or anything.

Dan Hostetler

Previous | Next | Back to Messages

Move to folder... [  ] Go

**Save Message Text**

Check Mail | Compose

Mail Upgrades - Search Mail - Mail Options

Mail - Address Book - Calendar - Notepad

Auctions · Autos · Briefcase · Calendar · Chat · Classifieds · Finance · Games · Geocities · Greetings · Groups · Health · Horoscopes
Mail · Maps · Member Directory · Messenger · Mobile · Movies · Music · My Yahoo! · News · PayDirect · Personals · Pets · Photos
Platinum · Shopping · Sports · TV · Travel · Weather · Yellow Pages · more...

7.mail.yahoo.com/ym/ShowLetter?MsgId=5600_5484292_72172_1014_577_0...    2/1/2004

http://us.mg2.mail.yahoo.com/dc/launch?.rand=d9us209lickuv

From: Charlie (cwilkinson@sbp-solutions.com)
To: tsouran@sbp-solutions.com
Date: Tuesday, June 12, 2007 8:00:13 AM
Subject: FWD: Howard Motors

Tom,
This note is from our General Consul....

Make sure that Randy Howard knows and takes action immediately... to get the corp filings in with the
Sec of State office in Missouri. Without it they will shortly be administratively dissolved..

Thanks,

Charlie E. Wilkinson

Solutions Engineering Group,
1st Tier Profitability, SBP Inc.
(866)475-7048 Office
(847)942-3750 Cell

Sent via the WebMail system at sbp-solutions.com

1 of 1

# SBP Strategic Business

3286, N. Arlington Heights Road, Suite 505, Arlington Heights, IL 60004  T: 866.475.7048  F: 847.797.1902  www.sbp-solutions.com

May 31, 2007

Dear Sir or Madam:

To whom this matter may concern, Mr. Tom Souran of 1541 Winding Creek Road, Prosper, TX 75078, is currently in the employ of our firm as a Senior Business Executive Analyst.  Mr. Souran joined our firm on Tuesday, May 29, 2007.

This is a commissioned position.  The annual compensation for this position is between $185,000 (One hundred eighty five thousand dollars) and $225,000 (Two hundred twenty five thousand dollars).

Mr. Souran has been associated professionally in tenured positions with firms that allow me to have worked with him and know him professionally and personally.

In closing, our firm sought out Mr. Souran based on his past professional achievements and level of compensation, which is our industry's measuring stick for success.

I am available personally to discuss Mr. Souran's employment and our opinion of his long term association with our firm.

Regards,

Ron W. Bridges
Managing Director

Charleston County Courts - Court Judgments Case Summary    http://www3.charlestoncounty.org/surfer/form/emulator/26_rky79491...

# CHARLESTON COUNTY
## Courts

**COURT JUDGMENTS**   HELP • MAIN MENU • FEEDBACK • EXIT

### Court Judgement Details for Case -
### Year: 2005  Type: CP  Location: 10  Number: 001453

Questions
about this
case?

**DEBTOR:** MPE INC ETC ETAL                    **DATE FILED:** 04/06/2007
**AWARDED TO:** DEVELOPERS SURETY AND INDEMNITY COMPANY
**AMOUNT:** 1934268.15

- 04/06/2007 - ORDER GRANTING SUMMARY JUDGMENT *(Activity)*
- 04/06/2007 - 39724.88 ATTY/FEES + INTEREST & COSTS
- 04/06/2007 - JDGMT IN THE AMOUNT OF 1,934,268.15
- 04/06/2007 - MECKLER, STEVEN A *(Attorney)*

**DEBTOR:** BRIDGES, RONALD W ETAL ETC                **DATE FILED:** 04/06/2007
**AWARDED TO:** DEVELOPERS SURETY AND INDEMNITY COMPANY
**AMOUNT:** 1934268.15

- 04/06/2007 - ORDER GRANTING SUMMARY JUDGMENT *(Activity)*
- 04/06/2007 - 39724.88 ATTY/FEES + INTEREST & COSTS
- 04/06/2007 - JDGMT IN THE AMOUNT OF 1,934,268.15
- 04/06/2007 - MECKLER, STEVEN A *(Attorney)*

**Prev** **Top** **Next**          **Selections** **Search** **Main Menu**

Copyright ©2008 Charleston County. All Rights Reserved.

1 of 1