IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| THOMAS C. SOURAN, | ) ) | Case No. 1:08-cv-03515 |
| Defendant. | ) ) | Judge Virginia Kendall |
| | ) ) | Magistrate Judge Maria Valdez |
| THOMAS C. SOURAN, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| -vs- | ) ) | |
| STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Counter-Defendants. | ) ) | |
| THOMAS C. SOURAN, | ) ) | |
| Cross-Plaintiff, | ) ) | |
| -vs- | ) ) | |
| CHUCK ORABUTT, an individual, DAN HOSTETLER, an individual, and RONALD W. BRIDGES, an individual | ) ) ) ) | |
| Cross-Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

**1. The attorneys of record for each party including the attorney(s) expected to try the case.**

Plaintiffs-Counterdefendants Strategic Business Partners, LLC ("SBP") and 1st Tier Profitability Group, LLC ("1st Tier") (collectively "Plaintiffs"):
Max G. Brittain, Jr.
Laura Beth Friedel
Nora Kersten Walsh
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Defendant-Counterplaintiff Thomas C. Souran ("Mr. Souran"):
Mr. Souran is *pro se*. On August 13th, Mr. Souran advised counsel for SBP and 1st Tier that he has retained Patrick Stanton of Dykema Gossett PLLC to represent him. Mr. Stanton has not filed an appearance in this matter.

Crossdefendants Chuck Orabutt, Daniel Hostetler and Ronald W. Bridges have not been served with summons or any cross-claim. Mr. Souran represents that "service is out" to the Crossdefendants. Plaintiffs state that the Crossdefendants may not be proper parties.[1]

**2. The basis for federal jurisdiction.**

Plaintiffs state that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) by virtue of diversity of citizenship; the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Mr. Souran disagrees. Mr. Souran has filed a motion challenging the propriety of venue in this Court and Plaintiffs will file their opposition thereto on August 13, 2008.

**3. The nature of the claims asserted in the complaint and any expected counterclaim.**

SBP and 1st Tier assert claims against Mr. Souran for: breach of contract; tortious interference with existing business relationships; violation of the Uniform Deceptive Trade Practices Act; defamation *per se* and defamation *per quod*.

Mr. Souran has answered and asserted counterclaims against SBP and 1st Tier for: breach of contract; violation of the Uniform Deceptive Trade Practices Act; defamation *per se;* defamation

---

[1] As the Crossdefendants have not been served, and no appearance has been filed on their behalf, this Joint Status Report is submitted by Plaintiffs and Mr. Souran and is not intended to reflect the Crossclaim or the position of the Crossdefendants. Mr. Souran believes that all named parties should be participating in this Joint Status Report and objects to Crossdefendants not being party to this Joint Status Report. Mr. Souran represents that the Crossclaim is identical to the Cournterclaim, and that the Crossclaim alleges that each of the Crossdefendants engaged in the same conduct that is complained of in the Counterclaim.

*per quod;* violations of the Fair Labor Standards Act and Texas Labor Code section 61.001, *et seq.*; fraud and fraudulent inducement.

Mr. Souran has also asserted his counterclaims as cross-claims against Messrs. Orabutt, Hostetler, and Bridges, three SBP executives. Messrs. Orabutt, Hostetler and Bridges have not been served with a summons or any cross-claim, though Mr. Souran represents that "service is out" for these individuals. Plaintiffs state that the Crossdefendants may not be proper parties.

Mr. Souran has filed a motion to dismiss for improper venue, and has moved in the alternative to transfer venue to Texas.

**4. The name of any party not yet served and the circumstances regarding non-service.**

Messrs. Orabutt, Hostetler and Bridges. Mr. Souran represents that "service is out" for these individuals.

**5. The principal legal issues.**

Principal legal issues in SBP and 1st Tier's action against Mr. Souran include:

1. Whether Mr. Souran breached Paragraphs 5 and/or 9 of the August 17, 2007 Agreement and General Release between 1st Tier and Mr. Souran ("Agreement") and whether Souran's posting on *Ripoffreport.com*—a website which includes public comments, Mr. Souran's website souranvsbpsolutions.com, and/or other communications Mr. Souran may have had constitute defamation and/or a violation of the Uniform and Deceptive Trade Practices Act.
2. Whether Plaintiffs are precluded from asserting their Breach of Contract claim by virtue of actions that Mr. Souran claims "breached the Agreement first."
3. Whether Mr. Souran tortiously interfered with SBP's relationships with any of its clients.
4. Whether SBP and/or 1st Tier have suffered damages as a result of Mr. Souran's activities, where applicable.
5. Whether Mr. Souran can establish any recognized legal defenses to such claims.

Principle legal issues in Mr. Souran's counterclaim include:

1. Whether SBP is bound by the Agreement, and if so, whether SBP breached the Agreement by making a posting about Mr. Souran on *RipoffReport.com.*
2. Whether 1st Tier breached the Agreement.
3. Whether the contents of the *Ripoffreport.com* posting by SBP constitute a violation of the Uniform Deceptive Trade Practices Act, defamation *per se* or defamation *per quod* by SBP and/or 1st Tier.
4. Whether Mr. Souran was a non-exempt employee entitled to overtime wages for work in excess of 40 hours per week under the federal Fair Labor Standards Act.
5. Whether SBP violated the Fair Labor Standards Act and/or whether SBP violated Texas Labor Code section 61.001 *et seq.*
6. Whether SBP or 1st Tier engaged in fraud or fraudulent inducement.

7. Whether Mr. Souran has suffered any damages as a result of SBP's activities, where applicable.
8. Whether SBP and/or 1st Tier can establish any recognized legal defenses to such claims.

**6. The principal factual issues.**

Plaintiffs state that the principal factual issues in the parties' dispute include:

1. Whether Mr. Souran contacted SBP clients (identified in the Complaint as Company A and Company B) after entering into the Agreement, and made false or denigrating comments about SBP, its work or services, or its officers or employees to those clients.
2. Whether any such communications induced those clients to terminate their contracts with SBP or to refrain from paying their outstanding balances.
3. Whether the contents of the postings of either party, or of Mr. Souran's website, were made with knowledge that they were false, or with reckless disregard for whether they were true or false, or with no reasonable basis for believing that the statements were true.
4. Whether facts exist to establish any of the applicable legal defenses to the parties' claims.

Mr. Souran maintains that these facts are known to both parties to be false.

**7. Whether a jury trial is expected by either party.**

No party has requested a trial by jury in its initial pleading.

Mr. Souran states here that he requests a trial by jury. Plaintiffs oppose this request.

**8. A short description of any discovery undertaken to date and any anticipated in the future.**

Due to currently pending motions, the scope of discovery (and the necessary timeline for discovery) is not yet clear. After initial motion practice, the parties anticipate engaging in written discovery and depositions. The parties do not anticipate the need for expert discovery at this time, but reserve the right to designate experts.

**9. The earliest date the parties will be ready for trial and the length of the trial.**

May 2009. Plaintiffs believe trial should take 2-3 days. Mr. Souran requests a week.

**10. Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The parties do not unanimously consent to proceed before the Magistrate Judge.

Case 1:08-cv-03515   Document 23   Filed 08/13/2008   Page 5 of 5

**11. The status of any settlement discussions and whether the parties request a settlement conference.**

The parties have not engaged in settlement discussions. Plaintiffs/Counterdefendants have indicated their willingness to participate in a settlement conference with the Magistrate Judge. Mr. Souran wishes to consult with counsel before determining his willingness to participate in a settlement conference with the Magistrate Judge and will advise the Court at the initial status hearing in this matter whether he will so-agree.

Dated:  August 13, 2008                    STRATEGIC BUSINESS PARTNERS, LLC AND
                                           1ST TIER PROFITABILITY GROUP, LLC


                                           By:    /s/ Nora Kersten Walsh

                                           Max G.  Brittain, Jr.
                                           Laura B.  Friedel
                                           Nora K.  Walsh
                                           SCHIFF HARDIN LLP
                                           6600 Sears Tower
                                           Chicago, IL 60606
                                           (312) 258-5500
                                           (312) 258-5600



Dated:  August 13, 2008                    THOMAS C. SOURAN


                                           By: /s/ Thomas C. Souran

                                           Thomas C. Souran, Pro Se
                                           5050 Quorum Drive
                                           Dallas, TX 75254
                                           (214) 701-4420