**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company,** ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| -vs- ) ) | |
| **THOMAS C. SOURAN,** ) ) | Case No. 1:08-cv-03515 |
| Defendant. ) ) | Judge Virginia Kendall |
| ) | Magistrate Judge Maria Valdez |
| **THOMAS C. SOURAN,** ) ) ) | |
| Counter-Plaintiff, ) ) | |
| -vs- ) ) | |
| **STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company,** ) ) ) ) ) ) | |
| Counter-Defendants. ) | |

**OPPOSITION TO DEFENDANT/COUNTERPLAINTIFF'S MOTION TO DISMISS
FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE**

Plaintiffs/Counterdefendants Strategic Business Partners, LLC ("Strategic") and 1st Tier Profitability Group, LLC ("1st Tier") (collectively "Plaintiffs"), through their attorneys, respectfully submit this memorandum in opposition to Defendant/Counterplaintiff Thomas C.

Souran's ("Souran") Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue.[1]  For the reasons set forth herein, this Court should deny Souran's motion.[2]

### A. The Parties' Agreement Contains a Valid and Mandatory Forum Selection Clause

Souran's short motion omits any reference to the parties' August 17, 2007 Agreement[3] ("Agreement").  The Agreement underlies Count I of Plaintiffs' Complaint for Breach of Contract, as well Souran's Counterclaim for Breach of Contract against Plaintiffs and his purported "cross-defendants."  Paragraph 8 of the Agreement, entitled Governing Law/Enforceability, contains a forum selection clause which provides that jurisdiction and venue for claims relating to the Agreement is exclusively in Illinois, and that Souran agrees to, and waives any objection to, venue in Cook County, Illinois.  (See Agreement, Exhibit 1, Par. 8)  Souran executed the Agreement while represented by counsel, and received full consideration for the Agreement on or around August 17, 2007.  He has never questioned the validity of the Agreement.  In fact, in bringing his breach of contract claim based on the Agreement, Souran concedes that the Agreement is valid.

---

[1]  In his Motion, Souran indicates that he filed a memorandum in support of his motion. Plaintiffs were not served with any such memorandum. Moreover, Plaintiffs request that the Court take judicial notice of Souran's failure to file his responsive pleading and motion to dismiss in a timely manner.  Despite the fact that the deadline for such filing was extended until July 17, 2008 based on Souran's oral request for an extension of time, he did not file his responsive pleadings until July 22, 2008.

[2]  In addition to the Plaintiffs, Souran seeks to assert a crossclaim against three individuals as "cross-defendants."  Mr. Souran's purported cross-defendants, Chuck Orabutt, Dan Hostetler and Ronald W. Bridges have not been served with summons or any cross-claim and may not be proper parties.

[3] The Agreement was filed under seal as an exhibit to Plaintiffs' Complaint, pursuant to this Court's Order dated July 17, 2008.  On July 28, 2008, this Court entered an Order requiring both parties to refrain from filing any portion of the Agreement in the public file.  Because the Agreement is essential to the consideration of the sufficiency of Souran's motion to dismiss, Plaintiffs will submit it to the Court under seal as an exhibit to this Opposition.

It is well-established that a mandatory forum selection clause contained within a contract is presumptively enforceable. *DeJohn v. The TVCorporation, Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003). Such a clause must be enforced unless the moving party can prove that enforcement would be unreasonable or unjust, or that the provision was procured by "fraud or overreaching." *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir. 1992); *Joy v. Hay Group, Inc.*, No. 02 C 4989, 2003 WL 22118940, at *5 (N. D. Ill. Sept. 11, 2003). The fact that a party brings claims other than a breach of contract claim does not affect the validity or enforceability of the clause. *American Patriot Ins. Agency v. Mut. Risk Mgmt., Ltd.* 248 F. Supp. 2d 779, 785 (N.D. Ill. 2003) (forum selection clause within Shareholder Agreement mandating that "any dispute concerning this agreement shall be resolved exclusively by the Courts of Bermuda" controls claims for fraud).

The language set forth in Paragraph 8 of the Agreement "shall be exclusively in Illinois" is clearly mandatory in nature, and there can be no question that the forum selection clause set forth in Paragraph 8 of the Agreement is invoked in this instance. Both Plaintiffs' Complaint and Souran's Counterclaim clearly "relate" to the parties' Agreement. Each party brings a claim alleging a violation of the Agreement. Moreover, these alleged breaches underlie the parties' defamation, disparagement and tortious interference claims..

Souran knowingly and willingly, with representation by counsel, agreed to litigate precisely the kind of claims at issue in this suit in Illinois. He has not and cannot make a showing of fraud or overreach, unreasonableness or injustice. Under the Seventh Circuit's clear precedent, the Court must give full force and effect to the forum selection clause set forth in Paragraph 8 of the Agreement and deny Souran's motion to dismiss or transfer.

B.	Venue is Proper in this District under 28 U.S.C. Section 1391

Even if Souran was not bound by a forum selection clause requiring him to litigate the these claims in Illinois, venue is still proper in this Court under 28 U.S.C. § 1391(a) because "a substantial part of the events or omissions giving rise to the claim" occurred in Illinois. See 28 U.S.C. § 1391(a). Under section 1391(a), the test is not whether a majority of the relevant activities were performed in a particular district, but whether "a substantial portion" of the activities giving rise to the claim occurred in the district. *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Assoc., Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007).

There can be no question that a substantial portion of the activities giving rise to the claims at issue here occurred in the Northern District of Illinois. Plaintiffs allege, among other allegations, that Souran's postings on his website souranvsbpsolutions.com were defamatory and disparaging in violation of law and the Agreement, and that Souran directly and purposefully sent a link to this website to individuals who reside and/or work within the Northern District of Illinois, causing financial damage and damage to Plaintiffs' reputation in Illinois. (*See* Complaint ¶¶ 6, 47–51, 57, 74) As this Court recently noted in denying the 12(b)(3) motion of a defendant in a defamation and disparagement suit: "[e]conomic and reputational injury, in conjunction with other activities such as the dissemination of allegedly defamatory newsletters, within the district qualify as substantial parts of the events giving rise to (plaintiff's) claim." *Morton Grove Pharmaceuticals,* 525 F. Supp. 2d at 1043-44.

Additionally, two of the individuals named by Souran in his crossclaim (Mr. Orabutt and Mr. Hostetler) are Illinois residents. 1st Tier executed the Agreement in Illinois and, according to the representations of Souran's former attorney, Souran executed the Agreement in Illinois. It is

simply indisputable that Souran engaged in activities purposefully directed toward the Northern District of Illinois, brings his Counterclaim under an Agreement executed in Illinois that chooses Illinois jurisdiction and venue, and seeks relief against businesses and individuals that are citizens of Illinois. As such, venue is proper in the Northern District of Illinois.

The fact that Souran lives in Texas and worked in Texas while employed by Strategic does not affect this analysis. *Czarnowski Display Services, Inc. v. Bell*, No. 03 C 57821, 2004 WL 1613553 (N.D. Ill. 2004) (claim alleging breach of contract, breach of fiduciary duty and tortuous interference with contractual relations against former employee in California properly venued in Illinois). Nor does the fact that the "host" website for souranvsbpsolutions.com is located elsewhere make venue any less proper here. Souran's website is about an Illinois company and personally identifies two principals who reside and work in Illinois. Indeed, SBP Solutions – which is part of the title of the website and which Souran disparages in that website – is located in Illinois.

In short, venue would be proper in this district even if Souran were not bound by a forum selection clause. Because of this fact, and because Souran unequivocally agreed to litigate these claims in this district, Souran's motion to dismiss for improper venue must be denied.

### C. Souran's Request that his Court "Transfer" Must be Denied

Souran's request that this court "transfer venue"—presumably under 28 U.S.C. § 1404(a)—must likewise fail. Section 1404(a) transfer is appropriate where venue is proper in both the transferor and transferee districts, and where "the transfer will serve the convenience of the parties as well as the interests of justice." *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Assoc., Inc.*, 525 F. Supp. 2d at 1044. A party seeking to transfer a case under section 1404(a) bears the burden of demonstrating that a transfer is appropriate. *Trading*

5

*Technologies Int'l v. CQG, Inc. and CGQT, LLC*, No. 05 C 4811, 2005 WL 3601936, at *4 (N.D. Ill. Oct. 31, 2005, Moran, J.)

      Souran makes no reference to any facts or law relevant to the analysis of whether transfer is appropriate and has failed to meet his high burden. Souran has signed a valid and enforceable forum selection clause in which he agreed to litigate these claims in Illinois, and has thus waived his right to move for transfer on the grounds of inconvenience to himself. *RBC Mortgage Co. v. Couch*, 274 F.Supp.2d 965, 971 (N.D. Ill. 2003). This district is more convenient for Strategic, 1st Tier, and two of the three Strategic executives whom Souran names as purported "cross-defendants" (who will be witnesses in any event), as each is a citizen of and located in Illinois. The third, Mr. Bridges, is a South Carolina resident.[4] Moreover, this Court clearly has an interest in retaining a case concerning an Illinois agreement and related tort claims arising out of alleged breaches of that agreement. There are no other cases pending among the parties, nor any interest in judicial economy that would trump Plaintiffs' legitimate choice of venue. Thus even if Souran had asserted any arguments in support of transferring this case, such arguments would necessarily fail.

---

[4] Plaintiffs are not aware of any witness other than Souran himself for whom Texas would be a more convenient venue than the Northern District of Illinois.

## **CONCLUSION**

For the foregoing reasons, Strategic Business Partners, LLC and 1st Tier Profitability Group, LLC respectfully request that this Court deny Souran's motion, grant them their attorneys' fees incurred in opposing this motion, and grant such other relief as the Court may consider just.

Dated: August 13, 2008                                        Respectfully submitted,


/s/ Nora Kersten Walsh

Max G. Brittain, Jr.
Laura B. Friedel
Nora K. Walsh
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600

*Attorneys for Strategic Business Partners, LLC and 1st Tier Profitability Group, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing **Opposition To Defendant/Counterplaintiff's Motion To Dismiss for Improper Venue or in the Alternative To Transfer Venue** to be served upon Defendant Thomas C. Souran via e-mail and regular mail on August 13, 2008.

> Thomas C. Souran
> Pro Se
> 5050 Quorum Drive
> Suite 700
> Dallas, TX 75254

　　　　　　　　　　　　　　　　　　　　　　/s/ Nora Kersten Walsh
　　　　　　　　　　　　　　　　　　　　　　Nora Kersten Walsh

CH1\5952478.1

# EXHIBIT 1
# (FILED UNDER SEAL)