IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-03515 |
| -vs- | ) ) | Judge Virginia Kendall |
| THOMAS C. SOURAN, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) | |

**PLAINTIFFS/COUNTERDEFENDANTS' MOTION TO DISMISS CERTAIN OF DEFENDANT/COUNTERPLAINTIFF'S COUNTERCLAIMS**

Plaintiffs/Counterdefendants Strategic Business Partners ("Strategic") and 1st Tier Profitability Group ("1st Tier") (collectively "Plaintiffs"), by and through their attorneys, hereby move the Court to dismiss certain counts of Defendant/Counterplainitff Thomas C. Souran's ("Souran") counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support of their Motion, Plaintiffs state as follows:

1. On June 19, 2008, Plaintiffs filed their Complaint in the above-captioned action.

2. On June 26, 2008 the parties appeared before this Court and the Court, at Souran's request, extended until July 17, 2008 the deadline for him to file his answer or other responsive pleading. Souran filed his Answer, Affirmative Defenses, Counterclaim and Crossclaim ("Answer and Counterclaim") and a Motion to Dismiss the Complaint for Improper

Venue or in the Alternative to Transfer on July 22. Plaintiffs were served with the Answer and Counterclaim on July 24, 2008.

3. Souran's Answer and Counterclaim purports to set forth seven separate claims for relief against Plaintiffs, as well as a Crossclaim against three purported "Cross-defendants": Chuck Orabutt, Dan Hostetler and Ronald W. Bridges. To Plaintiffs' knowledge, the purported Cross-defendants have not been served.

4. With the possible exception of Souran's breach of contract claim against 1st Tier, not one of Souran's counterclaims states a claim for relief under relevant legal standards. *See, e.g.*, *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1965 (2007).

5. Souran's breach of contract claim fails to state a claim for relief against Strategic because Strategic was not a party to the Agreement between 1st Tier and Souran dated August 17, 2007 ("Agreement"), upon which Agreement Souran bases his claim.

6. Souran's claim against Plaintiffs under the Illinois Deceptive Trade Practices Act fails to state a claim against either 1st Tier or Strategic because the complaint does not allege that Strategic disparaged "the goods, services or business" of Souran by false or misleading representation of fact, as required by 815 ILCS § 510/2(a)(8), because the statements upon which Souran bases his claim state nothing about a product, service or business of Souran, and because Souran does not allege that it does.

7. Souran's defamation *per se* and *per quod* claims fail because Souran does not allege that Plaintiffs acted with the requisite state of mind, *i.e.*, that Strategic either knew the posting was false or "lacked reasonable grounds" for believing it was true, as required under Illinois law. *Truman v. Wood*, 62 Ill.2d 184, 197-98 (1976). In fact, the full posting, on its face,

leaves no question that Plaintiffs did have reasonable grounds for believing the statements in the posting were true.

8. Souran's defamation *per quod* claim also fails to state a claim because Souran does not plead special damages, as required to state a claim under this theory. *Gros v. Midland Credit Mgmt.*, 525 F.Supp.2d 1019, 1026-27 (N.D.Ill. 2007).

9. Souran's claim against Plaintiffs under the Fair Labor Standards Act ("FLSA") must be dismissed because Souran does not allege that he was denied overtime pay or that he was paid less than minimum wage, nor can he, and Souran thus lacks standing to raise such a claim under the FLSA. 29 U.S.C. § 216(b). Moreover, Souran's general conclusory allegation fails to satisfy the pleading requirements for wage claims. *Anderson v. Mt. Clemens Pottery Co.*, (1946) 66 S. Ct. 1187, 1192 (1946); *Twombley*, 127 S. Ct. at 1964-65.

10. Souran has failed to put forth any facts to support his claim under Texas Labor Code Section 61.001, *et seq*, and his conclusory statement that wages and benefits were not paid as required under that law does not meet federal pleading standards. *Twombley*, 127 S. Ct. at 1964-65.

11. Finally, Souran's purported claim for fraud fails because it is not pled with the requisite particularity. Federal Rule of Civil Procedure Rule 9(b); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990).

WHEREFORE, Plaintiffs Strategic Business Partners and 1st Tier Profitability Group respectfully request that, with the exception of Souran's breach of contract claim against 1st Tier, this Court dismiss Souran's Counterclaim in its entirety, with prejudice, grant Strategic its

attorneys' fees in bringing this motion, and grant such other relief as the Court may consider just and reasonable.

Dated:   August 13, 2008

/s/ Nora Kersten Walsh

Max G. Brittain, Jr. (ARDC # 297941)
Laura B. Friedel (ARDC # 6256841)
Nora Kersten Walsh (ARDC # 6277774)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500

*Attorneys for Plaintiffs Strategic Business Partners LLC and 1st Tier Profitability Group LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing **Notice of Motion, Motion to Dismiss Certain of Defendant/Coutnerplaintiff's Counterclaims** and **Memorandum in Support Thereof** to be served upon Defendant Thomas C. Souran via e-mail and regular mail on August 13, 2008.

Thomas C. Souran
Pro Se
5050 Quorum Drive
Suite 700
Dallas, TX 75254

     /s/ Nora Kersten Walsh
     Nora Kersten Walsh

CH1\5952770.1

# EXHIBIT 1
# (FILED UNDER SEAL)