IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| THOMAS C. SOURAN, | ) ) | Case No. 1:08-cv-03515 |
| Defendant. | ) ) | Judge Virginia Kendall |
| | ) ) | Magistrate Judge Maria Valdez |
| THOMAS C. SOURAN, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| -vs- | ) ) | |
| STRATEGIC BUSINESS PARTNERS, LLC, an Illinois limited liability company, and 1st TIER PROFITABILITY GROUP, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Counter-Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS/
COUNTERDEFENDANTS' MOTION TO DISMISS CERTAIN OF
DEFENDANT/COUNTERPLAINTIFF'S COUNTERCLAIMS**

Plaintiffs/Counterdefendants Strategic Business Partners, LLC ("Strategic") and 1st Tier Profitability Group, LLC ("1st Tier") (collectively "Plaintiffs")[1], through their attorneys, submit

---

[1] Souran also fashions his responsive pleading as a Crossclaim against three individuals: Chuck Orabutt, Dan Hostetler and Ronald W. Bridges. However, the Cross-Defendants have not been served with the Crossclaim and may not be proper parties. As such, this Motion is

this Memorandum of Law in Support of their Motion to Dismiss Certain of Defendant/Counterplaintiff's Counterclaims.

## I. INTRODUCTION

Souran's Answer, Affirmative Defenses, Counterclaim and Crossclaim ("Answer and Counterclaim")[2] purports to set forth seven separate claims for relief: 1) breach of contract; 2) violation of the Uniform Deceptive Trade Practices Act; 3) defamation *per se;* 4) defamation *per quod;* 5) violations of the Fair Labor Standards Act; 6) violations of Texas Labor Code section 61.001, *et seq.*; and 7) fraud and fraudulent inducement. Souran's first four claims are purportedly based upon Strategic's April 24, 2008 posting on RipoffReport.com of a "defense" to Souran's own RipoffReport.com posting.[3] Souran's fifth and sixth claims are purportedly based upon his or others' alleged failure to receive certain wages and/or salary-owed (although Souran does not provide any facts or allegations regarding such wages or salary). Souran's seventh claim, entitled "fraud and fraudulent inducement," is so bereft of facts or allegations that Plaintiffs are unable to discern its basis.

With the exception of Souran's breach of contract claim against 1st Tier (which is not the subject of this motion), not one of his counterclaims states a claim for relief. Indeed, even under the Federal Rules of Civil Procedure's liberal pleading standard, each claim fails because it is

---

brought on behalf of the Plaintiffs/CounterDefendants, both of whom are represented by undersigned counsel.

[2] By minute order of this Court entered July 29, 2008, Plaintiffs manually filed Souran's Answer and Counterclaim without pages 38 through 40 of Souran's original filing on August 1, 2008. References to Souran's Answer and Counterclaim in this memorandum are to that 46-page document, and page number references are to the automated page numbers from this Court's filing system set forth at the top of the document.

[3] A description of the context in which Strategic posted its defense is set forth at paragraphs 41 through 45 of the Complaint and copy of the posting is set forth at pages 27-28 of the Answer and Counterclaim.

based on mere conclusory statements with no factual support, because it fails to plead the necessary elements of the claim, or both. Souran also fails entirely to meet the heightened pleading standards associated with his defamation *per quod* and fraud claims. Accordingly, with the exception of his breach of contract claim against 1st Tier, Souran's Counterclaim should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     RELEVANT LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss claims where they fail to state a factual or legal basis on which relief may be granted. On a 12(b)(6) motion to dismiss, the Court must decide whether the facts alleged by a plaintiff, if true, would entitle the plaintiff to a legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 80, 84-85 (1957). While allegations are generally accepted as true on a motion to dismiss, conclusory allegations, legal characterizations, and unreasonable inferences are not sufficient to state a claim. *McLeod v. Arrow Marine Transport, Inc.*, 258 F.3d 608 (7th Cir. 2001); *Palda v. General Dynamics Corp.*, 47 F.3d 872 (7th Cir. 1995). Moreover, a complaint should be dismissed if, viewing all inferences in the plaintiff's favor, the complaint's factual allegations do not raise the plaintiff's right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1965 (2007); *Strategic Reimbursement, Inc. v. HCA, Inc.*, No. 06 C 6501, 2007 WL 2274709, *2 (N.D. Ill. Aug. 2, 2007) (Gettleman, J.). As the *Twombley* Court clarified:

> a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do.... Factual allegations must be enough to raise a right to relief above the speculative level…

*Id.* at 1964-65 (citations omitted). The Court further explained "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief," which necessitates "some factual allegation in the complaint... ." *Id.* at 1965 n.3. The party asserting a claim must present more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Here, Souran fails to raise his entitlement to relief under the claims discussed above beyond mere speculation. As a result, those claims should be dismissed.

### III.   ARGUMENT[4]

####   A.   Souran's Breach of Contract Claim Against Strategic Fails to State a Claim and Cannot be Amended to Rectify its Deficiencies

Souran's breach of contract claim against Strategic must fail because Strategic was not a party to the contract in question, and was not bound by its provision prohibiting the conduct that Souran claims was in breach of that contract. The Agreement dated August 17, 2008 (the "Agreement," submitted under seal as Exhibit 1 to Plaintiffs' Motion)[5] is between 1st Tier and Mr. Souran, and there is no provision in the Agreement that applies the obligations of 1st Tier to related entities or third parties.

---

[4]   Plaintiffs request that the Court take judicial notice of Souran's failure to file his Answer and motion to dismiss in a timely manner. Despite the fact that the deadline for such filing was extended until July 17, 2008 based on Souran's oral request for an extension of time, he did not file his responsive pleadings until July 22, 2008, and Plaintiffs' counsel was not served until July 24, 2008.

[5]   The contract at issue in Souran's breach of contract claim was filed under seal as an exhibit to Plaintiffs' Complaint, pursuant to this Court's Order dated July 17, 2008. Despite this Order, on July 22, 2008, Souran attached the Agreement to his Answer and Counterclaim. On July 28, 2008, this Court entered an Order requiring both parties to refrain from filing any portion of the Agreement between 1st Tier and Souran dated August 17, 2007 (the "Agreement") in the public file. Because the Agreement is essential to the consideration of the sufficiency of Souran's breach of contract claim against Strategic, which was not a party to the Agreement, Plaintiffs will submit it to the Court under seal as an exhibit to its Motion.

Souran's claim that Strategic breached the non-disparagement covenant set forth in Paragraph 9 of the Agreement fails on its face because Strategic was not bound by that non-disparagement covenant. It is axiomatic that an entity is not bound to a contract to which it was not a party. *Equal Employment Opportunity Commission v. Waffle House, Inc.*, 122 S. Ct. 754, 764 (2002); *CIMA v. Wellpoint Health Networks, Inc., et al.,* 556 F. Supp. 2d 901, 905 (S. D. Ill. 2008). Strategic did not execute the Agreement; nowhere in the Agreement is Strategic identified as a party; and nowhere in the Agreement do the parties (1st Tier and Souran) agree that 1st Tier's affiliates will be bound by, or are required to abide by, 1st Tier's covenants. The Agreement itself is clear that while Strategic may benefit from some of Mr. Souran's covenants therein (*see*, Agreement ¶ 9), Strategic is not bound by the Agreement. Mr. Souran's breach of contract claim against Strategic must thus fail.

Moreover, Souran's breach of contract claim cannot be saved by his allegation on page 11 of the Answer and Counterclaim that Plaintiffs conspired to breach the Agreement. The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. *Edelman, Combs and Latturner v. Hinshaw and Culbertson*, 338 Ill.App.3d 156, 168 (1st Dist. 2003). Souran's conclusory conspiracy allegation cannot save his failed breach of contract claim against Strategic.

### B.   Souran Fails to State a Claim Under The Uniform Deceptive Trade Practices Act

Souran fails to state a claim under Illinois Deceptive Trade Practices Act ("the Act") against either 1st Tier or Strategic. The portion of the Act upon which Souran relies, 815 ILCS 510/2, provides that "a person engages in a deceptive trade practice when, in the course of his business, vocation or occupation," the person "disparages the goods, services, or business of another by false or misleading representation of fact." 815 ILCS 510/2(a)(8). The focus of this

5

section is whether the good, service or business of another is disparaged – not whether the individual or business entity was attacked personally. *See, e.g., Richard Wolf Medical Instruments Corp. v. Dory*, 723 F. Supp. 37, 40 (N.D. Ill. 1989) (Oct. 4, 1989) (letter suggesting that individual had engaged in vexatious litigation and that his patent was unenforceable did not touch upon the individual's goods, services or business; noting "an attack on one's business rival, no matter how malicious, which does not touch upon the rival's goods, services or his business does not state a claim under this portion of the Act"); *Global Relief Foundation v. New York Times Co.,* No. 01 C 8821, 2002 WL 31045394 (N.D. Ill. Sept. 11, 2002) (allegations that organization was under investigation for links to terrorism failed to state commercial disparagement claim); *Allcare, Inc. v. Bork*, 176 Ill.App.3d 993 (accusations that medical supply company was paying bribes and under investigation for fraud did not state a claim for commercial disparagement because the statement did not disparage the quality of plaintiff's goods or services).

Souran has not pled disparagement under the Act, nor, in light of the statements to which he objects, can he do so.  Strategic's RipoffReport.com posting stated as follows:

> A routine background check, standard to employment at Mr. Souran's level of responsibility, identified:
>
> 1. 1988 conviction for embezzlement and fraudulent communications and theft of customer property for Thomas C.  Souran (case # NFA 888CC400008 and NFA ID: 0000184) by the National Futures Association (a regulatory group that governs futures training) and they expelled him and barred him and fined him $25,000.00.  Mr. Souran appealed the decision of the regulatory body on Dec 1988 and on March 19, 1991 the NFA Committee upheld its original decision and penalties.
>
> The [sic] go to the NFA website LINK to validate this previous statement, please cut and paste the following url into your browser. ...
>
> 2. In June of 2000, Techumseh Holdings Corporation, whose Chairman was Thomas C.  Souran, was charged with the embezzlement and theft

>of more than $10,000.00 of client invested funds by the Securities and Exchange Commission in the United States District Court for the Southern District of New York. As a consequence of this action, in July of 2003, the Securities and Exchange Commission asked for penalties, sanctions and a demand for the return of the ill gotten gains from the corporation and its officers and principals.
>
>The [sic] go to the SEC website LINK to validate this previous statement, please cut and paste the following url into your browser. ...

(*See* Answer and Counterclaim, pp. 27-28). The posting states nothing about the quality of any product, service or business of Souran, and Souran does not allege that it does. Indeed, Souran does not identify a product or service which he is currently in the business of providing, nor any which could have been impugned by the posting. His mere allegation on page 13 of his filing that Strategic's statements "impact upon and have damaged Souran" is vague and conclusory, and does not suffice to meet even liberal federal notice pleading standards. *Twombley*, 127 S. Ct. at 164-65. Because Souran has failed to plead that Strategic disparaged his goods, services, or business, his claim under the Uniform Deceptive Trade Practices Act must be dismissed.

    **C.**    **The Defamation *Per Se* and Defamation *Per Quod* Claims Fail to Meet Established Pleading Requirements**

Souran's allegations in his defamation *per se* and defamation *per quod* claims are identical, and neither states a claim upon which relief may be granted. Souran begins each claim with conclusory allegations regarding an alleged conspiracy to breach the agreement by making defamatory statements. (Answer and Counterclaim, pp. 13-14) He then proceeds to recite the posting's references to the 1988 criminal conviction and the 2000 SEC charges, but notably omits the introductory statement to the references indicating that Strategic obtained this information from a routine background check.

7

       *1.*      *Souran fails to allege, and cannot claim, that Plaintiffs acted with the requisite state of mind.*

Illinois has adopted a negligence standard for defamation claims. To establish a claim for defamation, a claimant must show, among other elements, that the published statement was false, and that the defendant either knew it was false or "lacked reasonable grounds" for believing it was true. *Troman v. Wood*, 62 Ill.2d 184, 197-98 (1976).

The closest Mr. Souran comes to meeting his duty to plead negligence is his allegation that "Counter Defendants and Cross Defendants failed to conduct proper due diligence investigation" in posting the reference to the SEC charges against Tecumseh Holdings Corporation. (Answer and Counterclaim, p. 13-15). He alleges no duty to conduct a due diligence investigation, nor that such an investigation would have showed the statement to be false, nor that Plaintiffs lacked reasonable grounds for believing the statement to be true.

In fact, the full posting—which was attached to the Answer and Counterclaim—leaves no question that Plaintiffs <u>did</u> have reasonable grounds to believe that the statement was true. The section of the posting quoted in the Counterclaim omits critical introductory language: "a routine background check, standard to employment at Mr. Souran's level of responsibility, identified..." Illinois law is clear that an allegedly defamatory statement must be considered in its full context, and the full context leaves no question that Plaintiffs had reasonable grounds to believe the statement to be true. *Mittelman v. Witous*, 135 Ill.2d 220, 232 (1989), *abrogated on other grounds, Kuwik v. Starmark Star Marketing & Admin., Inc.*, 156 Ill.2d 16 (1993). It was clear from the face of the posting that Strategic made the statements in reliance on a legitimate background check, and Souran has not alleged otherwise. It is rudimentary that reliance on a third-party background check is reasonable grounds for believing the statement to be true. In the

8

absence of any allegation of negligence, and in the full context of Plaintiffs' statement, Souran's defamation claims must fail.

> 2. *The failure to plead special damages necessitates dismissal of the defamation* per quod *claim.*

Souran's claim of defamation *per quod* also fails for an additional reason: in order to state a claim of defamation *per quod,* a party must allege special damages. *Gros v. Midland Credit Mgmt.*, 525 F.Supp.2d 1019, 1026-27 (N.D.Ill. 2007) (stating that "in order to allege an action for defamation *per quod* in federal court, [plaintiff] must plead actual damages in accordance with Illinois law and Federal Rule of Civil Procedure 9(g)" and finding that the plaintiff's allegations that he suffered "out-of-pocket expenses, loss of time, aggravation, and inconvenience and emotional distress" as well as damages to his credit were insufficient to satisfy standard). Nowhere in Souran's counterclaim does he allege financial damage as a result of the Plaintiffs' alleged defamation, nor does he identify with specificity any such damages. In the absence of such allegations, his counterclaim for defamation *per quod* must be dismissed.

### D. Souran Fails to Set Forth any Facts to Support his Claim under the Fair Labor Standards Act

The full extent of Souran's claim under the Fair Labor Standards Act is that Plaintiffs violated and are violating the Fair Labor Standards Act's ("FLSA") minimum wage and overtime provisions by employing "employees" in excess of forty hours per week at rates less than time and a half their regular rate of pay. Souran makes no allegation that <u>he</u> was denied overtime pay, nor that <u>he</u> was paid less than the minimum wage. Having failed to allege that his rights under the FLSA were violated, Souran lacks standing to raise such a claim and is unable to state such a claim. 29 U.S.C. § 216(b).

Moreover, Souran's general conclusory allegation is insufficient to meet federal notice pleading standards. Under well-established precedent, an employee seeking to recover unpaid

9

minimum wages or overtime under the FLSA must plead facts to show that they in fact performed work for which they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.,* (1946) 66 S. Ct. 1187, 1192 (1946). The simple allegation that employees were not paid time and a half is insufficient to state a claim for relief or to put Defendants on notice as to the scope of the claim. *Twombley,* 127 S. Ct. at 1964-5. Without such basic underlying facts, the claim is defective.

      **E.**    **There is no basis for Souran's claim under the Texas Labor Code**

Souran likewise fails to put forth any facts to support his claim under the Texas Labor Code. Souran fails to identify the "wages and other benefits" that he claims were not paid, or even the nature or classification of those "wages and other benefits." In addition, Souran fails to provide any allegation at all to support his apparent claim that Plaintiffs are subject to the Texas Labor Code. His conclusory statement that wages and benefits were not paid as required by Texas Labor Code is simply insufficient to state a claim. *Twombley,* 127 S. Ct. at 1964-5.

      **F.**    **Souran's Purported Claim for Fraud is not Pled with Particularity and Must Thus Fail**

Common-law fraud claims in federal court must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). Souran's claim is not. As the Seventh Circuit discussed in *DiLeo v. Ernst & Young,* 901 F.2d 624 (7th Cir. 1990), in order to state a claim for fraud, a party must set forth "who, what, when, where, and how – the first paragraph of any newspaper story." *Id.* at 627. "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement." *Flynn v. Merrick,* 881 F.2d 446, 449 (7th Cir. 1989) (quoting *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985)). Souran fails entirely to meet Rule 9(b)'s heightened pleading standard.

Souran's claim for "Fraud and Fraudulent Inducement" appears to be that Plaintiffs "made a material misrepresentation to Souran to pay them *(sic)* salary;" that Plaintiffs knew that this representation was false or recklessly disregarded the truth of the representation; that Plaintiffs intended to induce Souran to act on the representation; and that Souran actually and justifiably did rely on the representation, resulting in damages. (Answer and Counterclaim, p. 17) Souran's claim must fail because the skeletal description he sets forth fails to meet even the notice pleading standards discussed by the Supreme Court in *Twombley,* let alone the heightened pleading standards applicable to fraud claims. The claim fails to provide the "who" because it does not specify which of the Counterdefendants and/or Crossdefendants made the alleged "material representation." The claim fails to provide the "what" in that it does not identify the alleged "material misrepresentation." The claim fails to provide either "when" or "where" the alleged fraud took place. Likewise, it fails to state "how" the alleged misrepresentation constituted fraud. There is simply no reading of Souran's fraud and fraudulent inducement claim that presents the particularity required by Rule 9(b). Under the Seventh Circuit's clear precedent, Souran's fraud and fraudulent inducement claim cannot stand. *Flynn*, 881 F.2d at 449.

## **CONCLUSION**

For the foregoing reasons, Strategic Business Partners, LLC and 1st Tier Profitability Group, LLC respectfully request that, with the exception of Souran's breach of contract claim against 1st Tier, this Court dismiss Souran's counterclaim in its entirety, with prejudice, grant

Strategic its attorneys' fees in bringing this motion, and grant such other relief as the Court may consider just and reasonable.

Dated: August 13, 2008                                Respectfully submitted,

                                                                      /s/ Nora K. Walsh_____
                                      Max G. Brittain, Jr.
                                      Laura B. Friedel
                                      Nora K. Walsh
                                      SCHIFF HARDIN LLP
                                      6600 Sears Tower
                                      Chicago, IL 60606
                                      (312) 258-5500
                                      (312) 258-5600

                                      *Attorneys for Strategic Business Partners, LLC*
                                      *and 1st Tier Profitability Group, LLC*